**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.

ALIZABETH COHEN,

    Plaintiff,

v.

TOPGOLF USA MIAMI GARDENS, LLC,
a Foreign Limited Liability Company.

    Defendant.

_____/

**COMPLAINT**

Plaintiff, ALIZABETH COHEN ("COHEN" or "Plaintiff"), by and through her undersigned attorney, hereby files this Complaint against Defendant, TOPGOLF USA MIAMI GARDENS, LLC (hereinafter "Topgolf," or "Defendant"), and says:

**JURISDICTION AND VENUE**

1. This action is brought against Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", or the "FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of Broward County, Florida. During all times relevant to this Complaint, Plaintiff was employed by Defendant in sales. Plaintiff's responsibilities included selling events. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

6. Defendant is a Foreign Limited Liability Company, registered to do business within Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Plaintiff was employed at Defendant's business located in Miami-Dade County, Florida.

8. At all times relevant hereto, Defendant was a covered employer under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that it had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 203.

10. Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

**GENERAL ALLEGATIONS**

11. Plaintiff was a non-exempt employee of Defendant and was subject to the payroll practices and procedures set forth hereinafter.

12. Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks within three years of the filing of this Complaint.

13. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

14. Plaintiff started working for Defendant in October 2017 and remained employed until March 20, 2019. Plaintiff consistently worked over forty (40) in a work-week until January 2019, and she was always on call for the benefit of Defendant's business during that time period.

15. Specifically, from October 2017 to December 2017, Plaintiff worked approximately sixty (60) hours per week; from January 2018 to June 2018, and from October 2018 to December 2018, Plaintiff worked approximately fifty (50) to fifty-five (55) hours per week; from July 2018 to September 2018, and the first two weeks of 2019, Plaintiff worked approximately forty-five (45) to fifty (50) hours per week.

16. Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

17. In the course of her employment with Defendant, Plaintiff worked the number of hours required of her, but was not properly paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

18.     Plaintiff was incorrectly paid a salary of $1,923.08 every two weeks. From the beginning of her employment with Defendant through the end of 2017, Plaintiff was also paid $600.00 per week as commission. After the beginning of 2018, in addition to her regular salary, Plaintiff received a commission of 2.5% on her sales.

19.     The records, if any, concerning the number of hours actually worked by Plaintiff, are in the possession, custody, and control of Defendant.

20.     Defendant maintained complete control over the hours Plaintiff worked and the pay she was to receive.

21.     Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

22.     Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this Action.

## COUNT I – VIOLATION OF FLSA/OVERTIME

23.     Plaintiff re-alleges and re-avers paragraphs 1 – 22 as fully set forth herein.

24.     During the course of Plaintiff's employment, Defendant has willfully violated the provisions of §7 of the FLSA [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one half times the regular rates for which they were employed.

25.     From the beginning of Plaintiff's employment with Defendant to early 2019, Plaintiff constantly worked over forty (40) hours during each work week in which she was employed. Plaintiff was only paid straight time and never overtime.

26. Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee.

27. Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 207(i), in that commissions did not always make up more than half her total earnings.

28. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

29. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

30. Defendant knew Plaintiff was not exempt from overtime but refused to compensate her hours worked in excess of forty (40) hours for each work week.

31. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

32. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of filing this Complaint, Plaintiff ALIZABETH COHEN demands judgment for:

a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

e)   Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f)   Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff ALIZABETH COHEN hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: June 3, 2019.

> LAW OFFICES OF CHARLES EISS, P.L.
> Attorneys for Plaintiff
> 7951 SW 6th Street, Suite 308
> Plantation, Florida 33324
> (954) 914-7890 (Office)
> (855) 423-5298 (Facsimile)
>
> By:   /s/ Charles M. Eiss
> CHARLES M. EISS, Esq.
> Fla. Bar #612073
> chuck@icelawfirm.com
> TIEXIN YANG, Esq.
> Fla. Bar #1010651
> tiexin@icelawfirm.com